DAYTON BAR ASSOCIATION ET AL. *v.* HERZOG.

(D.D. No. 82-3—Decided June 23, 1982.)

262

*Mr. Howard P. Krisher, II,* for relator Dayton Bar Assn.

*Mr. Charles W. Kettlewell,* for relator Disciplinary Counsel.

*Messrs. Butler, Cincione, DiCuccio & Dritz* and *Mr. Robert A. Butler,* for respondent.

*Per Curiam.* After an examination and review of the record in this cause, this court concurs with the findings of fact and recommendation of the board of commissioners. Gov. R. V(7) provides in part: "* * * A person who has been suspended for an indefinite period from the practice of law and thereafter reinstated in the manner hereinafter provided shall be disbarred upon being found guilty of subsequent misconduct. * * *" In view of respondent's prior indefinite suspen-

sion, *Dayton Bar Assn.* v. *Herzog* (1962), 173 Ohio St. 313, and subsequent reinstatement, it is ordered, pursuant to Gov. R. V(7), that respondent be permanently disbarred from the practice of law.*

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

---

* We note specifically that, in light of Gov. R. V(7), our finding that respondent violated DR 9-102(B)(4) and DR 6-101(A)(3) requires that respondent be permanently disbarred. Therefore, our finding of misconduct as to the solicitation claim does not affect the result. Respondent posits, however, that the holding of the United States Supreme Court in *In re R.M.J.* (1982), _____ U. S. _____, 71 L. Ed. 2d 64, bars any finding of misconduct as to that claim. We disagree and concur with the board's finding that respondent violated DR 2-103.

*In re R.M.J.* differs as to the facts and the law. In that case, the attorney challenged the constitutionality of Missouri's DR 2-101 which limited the content of advertisements. See *In re R.M.J.* (Mo., 1980), 609 S. W. 2d 411, appendix, at 412-413. The attorney in that case also mailed announcement cards to persons other than those listed in Missouri DR 2-102. As to this latter issue, however, the United States Supreme Court noted: "* * * [W]e deal with a silent record." *In re R.M.J., supra,* at 76.

This case, however, involves violation of DR 2-103, and the record is anything but silent. One of the form letters which the respondent in this case sent stated: "There is a new federal law that can save your job, car, bank account, stop repossessions and garnishments and gas and electric turn-offs." The other form letter contained a similar statement. Each letter encouraged the reader to call respondent's office for an appointment. This patent solicitation is not the type of constitutionally protected commercial speech discussed in *Bates* v. *State Bar of Arizona* (1977), 433 U. S. 350, rehearing denied, 434 U. S. 881, and *In re R.M.J., supra* (_____ U. S. _____). Rather, respondent's letters create a "potential for overreaching * * * [and a] need for prophylactic regulation in furtherance of the State's interest in protecting the lay public." *Ohralik* v. *Ohio State Bar Assn.* (1978), 436 U. S. 447, 468, rehearing denied, 439 U. S. 883. In *Ohralik,* the United States Supreme Court upheld the constitutionality of DR 2-103(A) as applied to in-person solicitation of professional employment. DR 2-103, as applied in this case, serves the state's interest in protecting the lay public from mail solicitation of professional employment as well.